UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOSHIA BANKS,

    Plaintiff,

v.

WELLS FARGO BANK NA,
OTIS WILLIAMS FAMILY TRUST,

    Defendant.

Case No. 18-10967
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

# OPINION AND ORDER DISMISSING FOR LACK OF SUBJECT-MATTER JURISDICTION

In order to buy a home in Detroit, Doshia Banks entered into an installment land contract with the Williams Family Trust. The Williams Family Trust represented to Banks that the Trust owned the home. But Banks soon discovered that Wells Fargo actually held title to the home.

Now Banks has filed suit *pro se* against Wells Fargo and the Williams Family Trust alleging what appear to be state law claims. Banks says diversity jurisdiction exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. (PageID.3.) Banks says Wells Fargo is a California corporation, PageID.4, and offers a Louisiana Address for the Williams Family Trust. (PageID.2.)

Wells Fargo answered and, seeking to quiet title, filed a cross complaint against the Trust, a counterclaim against Banks, and a third-party claim against Ernest Cornelius (a prior owner of the home) and Otis Williams III (a possible affiliate of the trust). (PageID.7.) Wells Fargo also says diversity jurisdiction exists, in part, because the Williams Family Trust "is an entity that conducts business in the state of Michigan and/or in the state of Louisiana." (*Id.*)

Neither Banks nor Wells Fargo properly pleaded the citizenship of the Williams Family Trust, so the Court ordered the parties to explain the basis for diversity jurisdiction. (PageID.95.) In particular, the Court asked the parties to identify the type of Trust and its members (i.e. beneficiaries, trustees, or shareholders). Both parties timely responded to this order. (R.11, 12.) However, neither party was able to provide definitive evidence as to the type of Trust involved in this case, nor the citizenship of the Trust's members.

As federal courts have "limited jurisdiction," it is "presumed that a cause of action lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). To overcome this presumption, "[t]he party invoking federal jurisdiction…bears the burden of proof that the federal courts have jurisdiction." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (citation omitted). From the information provided by the asserting party, "courts will look to see whether the parties are *in fact* diverse, not simply whether they are arguably so." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S.Ct. 1312, 1322 (2017) (citations omitted) (emphasis added).

The parties in this case appear to agree that Otis Williams III is a discernable affiliate of the Trust and that he is a citizen of Louisiana. (PageID.101, 106.) But the parties do not know what type of trust it is nor do they know for certain that Williams III is the only affiliate. Google and other business database searches by the parties proved unsuccessful in revealing more information about the type and membership of the Trust. And given that the Trust has a prior address in Michigan, it is reasonable to believe it may have additional shareholders, beneficiaries, or trustees located in Michigan. (PageID.101, 106.) Absent more information as to the type, membership, and thus citizenship of the Trust, "the current jurisdictional allegations are fatally incomplete, leaving [the Court] uncertain that diversity jurisdiction exists." *V & M Star, LP v. Centimark Corp.*, 596

F.3d 354, 357 (6th Cir. 2010). Thus, for the reasons discussed, the Court is not satisfied that Banks has provided sufficient evidence of the Williams Family Trust's citizenship for purposes of federal diversity jurisdiction.

This case is therefore dismissed. *See* Federal Rule of Civil Procedure 12(h)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

SO ORDERED.

Dated: June 29, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2018.

s/Keisha Jackson
Case Manager